FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 10  PM 1:30

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS McGREW | CIVIL ACTION |
| VERSUS | NO. 05-0383 |
| N. BURL CAIN, WARDEN | SECTION "K"(2) |

### ORDER

The Court, after considering the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge and plaintiff's objections filed on June 28, 2005, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Petitioner filed a "Supplemental Written Objections to Report & Recommendation" (Doc. 12), a "Motion to Stay Proceedings" (Doc. 11), and a "Petition for Issuance of Certified Questions to Supreme Court of La" (Doc. 15). The Court will first address the objections lodged to the Report and Recommendation.

As stated by the magistrate judge, a petition for rehearing in reference to the writ denial of Oct 12, 2001, is not proper. The La. S. Ct. Rule IX, § 6 provides in relevant part, "An application for rehearing will not be considered when the Court has merely granted or denied an application for a writ of certiorari or remedial or other supervisory writ." Therefore, as the Supreme Court merely

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No_____

denied his writ application in October of 2001, any subsequent filing seeking rehearing is not proper and therefore would not implicate any tolling provision. As such his conviction became final on January 10, 2002. He filed a Motion to Correct Sentence on December 3, 2002, 326 days after his conviction became final. That motion was denied December 5, 2002. His next pleading was a Motion to Correct Sentence filed May 29, 2003. At that time, his one-year time period to file a federal habeas petition had tolled on February 13, 2003 (326 days between January 10, 2002-December 3, 2002 and 39 days between December 15, 2002 to February 13, 2003).

Additionally, even if the rehearing filed in November 6, 2001 were regarded as proper and timely, the federal tolling period would have begun, as properly noted in the magistrate judge's alternative calculation, when his conviction would have become final on April 4, 2002, and the statute of limitation would have begun to run on April 5, 2002 for 242 days. The federal tolling period would have begun to run again on January 6, 2003, for addition 123 days until May 8, 2003, when it would have expired. Therefore, his habeas petition was either filed 23 or 20 months after the one-year period had expired. As such, any objection raised is without merit.

Furthermore, as this matter is being properly dismissed on the basis of it being time barred, there is no need for an evidentiary hearing.

Likewise, the "Motion to Stay Proceedings" (Doc. 11), and a "Petition for Issuance of Certified Questions to Supreme Court of La" (Doc. 15) are without merit as this matter is time-barred. Accordingly,

2

**IT IS ORDERED** that the federal petition of Carlos McGrew for *habeas corpus* relief is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 9th day of February, 2006

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE