# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS A. MCGREW | CIVIL ACTION |
| VERSUS | NO. 05-0383 |
| N. BURL CAIN | SECTION "K" |

## ORDER AND OPINION

Before the Court is the "Motion to Vacate and Annul Judgment of this Court that was Rendered/Based upon (a) Fraud/Ill-Practice in Violation of State and Federal Constitutional Provisions" filed on behalf of petitioner Carlos A. McGrew (Doc. 28). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

BACKGROUND

A jury convicted Carlos McGrew of two counts of second degree murder; the presiding state court judge sentenced McGrew to life imprisonment without benefit of parole, probation or suspension of sentence on each count of conviction. McGrew appealed his conviction; the state appellate court affirmed the conviction and sentence. *State v. McGrew*, 769 S0. 2d 782 (La. App. 5th Cir. 2000). The Louisiana Supreme Court denied McGrew's writ application. *State v. McGrew*, 799 So.2d 492 (La. 2001). Following the denial of his application for writs, McGrew's conviction became final on January 10, 2002.

McGrew filed an application for post-conviction relief in the state district court on August 13, 2003 asserting a number of grounds for relief. The state district judge denied the application for *habeas corpus* relief, and the state Fifth Circuit Court of Appeals denied McGrew's application for supervisory writs. McGrew then filed an untimely application for supervisory writs with the

Louisiana Supreme Court; the Supreme Court denied the application.

On February 16, 2005, McGrew filed a petition for federal *habeas corpus* relief pursuant to 28 U.S.C. §2254 in this Court seeking to vacate his conviction and sentence on a number of grounds. The Court referred McGrew's petition to Magistrate Judge Joseph C. Wilkinson, Jr. who prepared a "Report and Recommendation" (Doc. 9) recommending that the petition be dismissed with prejudice as time-barred. Pursuant to 28 U.S.C. §636(b)(1), the Court conducted a *de novo* review of those portions of the Report and Recommendation objected to by petitioner. Finding no merit to petitioner's objections, the Court adopted the Report and Recommendation, dismissed McGrew's petition with prejudice, and entered judgment accordingly. The United States Court of Appeals for the Fifth Circuit denied petitioner a certificate of appealability. *McGrew v. Cain*, No. 06-30285 (5th Cir. October 24, 2006) (Doc. 26).

## LAW AND ANALYSIS

Petitioner seeks to vacate this Court's judgment dismissing with prejudice his petition for post-conviction relief. Rule 60 of the Federal Rules of Civil Procedure permits a district court to relieve a party from a final judgment for a number of reasons, only two of which petitioner urges here, i.e., fraud by an opposing party and "the judgment is void." When a party seeks to vacate a judgment for the basis of fraud, the motion to vacate must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ. P. 60(c). More than three years elapsed between this Court's entry of judgment dismissing McGrew's petition for federal *habeas corpus* relief and this motion to vacate that judgment. Therefore, the motion to vacate the is denied as untimely with respect to petitioner's contention that the judgment should be vacated because of fraud.

2

Moreover, even if the motion to vacate the judgment had been filed timely, petitioner is not entitled to the relief sought based on his assertions of fraud. Petitioner alleges no acts of fraud with respect to his federal proceedings for *habeas corpus* relief. Rather, petitioner urges this Court to vacate its judgment based on alleged acts of fraud committed by the state court of appeals in connection with the denial of his application for writs following the state district court's denial of his petition for state *habeas* relief. Allegations of fraud with respect to state court proceedings, even if proven, are not grounds to vacate this Court's prior judgment. The alleged fraudulent acts of the state court of appeals had no bearing on this Court's decision to dismiss McGrew's petition for federal post-conviction relief. The Court dismissed McGrew's petition for federal post-conviction relief because he filed that petition more than one year after his conviction became final, thus rendering the petition time-barred pursuant to 28 U.S.C. §2244(d)(1). In this motion to vacate the judgment, McGrew does not urge that the Court erred in concluding that his federal *habeas corpus* was time barred. Accordingly, petitioner's motion to vacate based on fraud is denied.

Petitioner also contends that the federal judgment should be vacated because the state appellate court ruling denying McGrew's application for supervisory writs in connection with the denial of his petition for state *habeas corpus* relief is null and void. The validity of the judgment dismissing petitioner's application for federal *habeas corpus* relief is not dependent on the validity of the state court of appeals denial of McGrew's application for supervisory writs. The state claim for *habeas corpus* relief and the federal claim for *habeas corpus* relief are separate and distinct claims. Because petitioner has not urged any basis for invalidating the federal judgment the motion is denied.

New Orleans, Louisiana, this 13th day of April, 2010.

                                                    STANWOOD R. DUVAL, JR.
                                        UNITED STATES DISTRICT JUDGE